**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **No. 07-20124-01-CM** |
| **CARRIE MARIE NEIGHBORS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>ORDER</u>

This case, which was recently upheld on appeal, is now before the court on two motions filed

by defendant *pro se*: Motion to Void and Vacate Judgment Due to Fraud, and Improper Indictment

Procedures (Doc. 484) and Motion to Dismiss for Lack of Jurisdiction Fraud Upon the Court (Doc.

531). Defendant brings the first motion pursuant to Fed. R. Civ. P. 60(b), but does not specify under

what authority she brings her second motion. In both motions, defendant seeks relief from her

criminal convictions because she claims the court lacked jurisdiction over the case.

Defendant's reliance on Rule 60(b) is misplaced. Rule 60(b) is a civil rule, and does not

provide relief in a criminal case. *United States v. Edge*, 315 F. App'x 92, 94–95 (10th Cir. 2009)

(citing cases). The court believes that both of defendant's motions may properly be characterized as

a federal habeas petition filed pursuant to 28 U.S.C. § 2255. The court intends to construe them as

such. But before doing so, the court wants to give defendant a full opportunity to withdraw the

motions or amend the motions to include all claims she believes she has. If the court recharacterizes

defendant's motions, then any subsequent § 2255 motion will be subject to restrictions placed on

"second or successive" § 2255 motions. *See Castro v. United States*, 540 U.S. 375, 383 (2003). If

defendant elects to withdraw her motions and later file a comprehensive § 2255 motion, she has until one year from the date her conviction became final to file the § 2255 motion. 28 U.S.C. § 2255(f)(1).

Defendant must notify the court within thirty days of the date of this order whether she wishes (1) to withdraw the motions; (2) to amend the motions; or (3) for the court to construe the motions as a request for relief under § 2255. If defendant does not file a document within thirty days indicating her choice, the court will construe the motions as a request for relief under § 2255 and rule on the request, effectively limiting defendant's ability to seek further relief under § 2255.

**IT IS SO ORDERED.**

Dated this 8th day of March 2012, at Kansas City, Kansas.


s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**